Willie James JONES, Appellant,

v.

DOUGLAS COUNTY CORRECTIONS CENTER; State of Nebraska, Appellees.

Willie James Jones, Appellant,

v.

Danielle Unknown, from DCCC Mental Health, sued in their individual and official capacities; Unknown, Captain or SGT # 352 DCCC, sued in their individual and official capacities; Bennett, DCCC, sued in their individual and official capacities; Unknown McNeil, # 383 DCCC, sued in their individual and official capacities; Unknown, # 409 DCCC, sued in their individual and official capacities; Unknown Ballard, # 281 DCCC, sued in their individual and official capacities; Monica Bell, c/o, sued in their individual and official capacities, Appellees.

Nos. 07–3282, 07–3306.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 3, 2008.

Filed: Jan. 9, 2009.

1. The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Willie James Jones, Savannah, GA, pro se.

Diane Margaret Carlson, Omaha, NE, for Appellees.

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

In these consolidated appeals, former prisoner Willie Jones challenges two final orders of the district court.[1] In No. 07–3282, he appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action; and in No. 07–3306, he appeals the district court's dismissal of a second unrelated section 1983 complaint for failure to state a claim.

After careful review, *see Rouse v. Benson,* 193 F.3d 936, 939 (8th Cir.1999) (district court's grant of summary judgment reviewed de novo), we conclude that the district court properly dismissed Jones's complaint in No. 07–3282 because defendants established that he failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Jones v. Bock,* 549 U.S. 199, 211–17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (failure to exhaust is affirmative defense); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005) (per curiam) (defendant has burden of proving failure to exhaust); *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir.2003) (inmate must exhaust all available administrative remedies before filing suit; "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). However, we modify the dismissal to be without prejudice, *see Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.,* 155 F.3d 976, 978 (8th Cir.1998) (affirming dismissal for failure to exhaust administrative remedies, but modifying to be without prejudice), and we affirm the dismissal as modified.

We further conclude in No. 07–3306 that Jones has waived any challenge to the district court's dismissal of his complaint

---

1. The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

because he did not make any arguments related to this dismissal in his opening brief. *See Ahlberg v. Chrysler Corp.,* 481 F.3d 630, 634 (8th Cir.2007) (points not meaningfully argued in opening brief are deemed waived). Accordingly, we affirm the dismissal of his complaint.